# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| MICHAEL A. SIZEMORE, | : |
| Plaintiff, | : CIVIL ACTION NO. 5:25-cv-00251 |
| v. | : |
| CSX TRANSPORTATION, INC., | : |
| Defendant. | : |

## COMPLAINT

COMES NOW Plaintiff, Michael A. Sizemore, and files this his Complaint against Defendant CSX Transportation, Inc., respectfully showing this Court as follows:

### Nature of the Case - Jurisdiction - Parties

1.

Plaintiff Michael A. Sizemore (hereinafter "Sizemore" or "Plaintiff") is a citizen and resident of the State of West Virginia, residing in Oak Hill, West Virginia.

2.

Defendant CSX Transportation, Inc. (hereinafter "CSXT" or "Defendant") is a common carrier by rail and a Virginia Corporation, with its principal place of business in Florida, doing business in the State of West Virginia with railroad lines, tracks, and rolling stock operating within this District and within the jurisdiction of this Court. Defendant can be served in this case through its registered agent in the State of West Virginia, CT Corporation System, at its registered address: 5098 Washington St. W., Suite 407, Charleston, WV 253131561.

3.

This action is maintained pursuant to 45 U.S.C. § 51-60 (commonly referred to as the Federal Employers' Liability Act- hereinafter "FELA") and pursuant to applicable federal, regulatory, and common law.

4.

Jurisdiction and Venue are proper within this District and Division pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1391, as the events and omissions giving rise to the claim occurred within this District and Division in Summers County West Virginia.

**Statement of Facts**

5.

On March 8, 2023, at just before 5:00 a.m., Plaintiff sustained serious and permanent injuries, including but not limited to injuries and trauma to his head, legs and back while on the job and working in the course and scope of his employment as an engineer for CSXT in Summers County, West Virginia.

6.

At all times pertinent to the Complaint and this action, Plaintiff was an employee of Defendant CSXT and engaged in interstate commerce in the performance of his job duties.

7.

On March 8, 2023, Plaintiff Sizemore was assigned as the engineer on a CSXT three-person crew performing his job duties for CSXT traveling on a train consisting of four (4) locomotives and over one hundred (100) railcars ("the train").

8.

On March 8, 2023, the train was traveling southbound on CSXT track that runs along the New River in Summers County near Sandstone, West Virginia.

9.

The crew consisted of Plaintiff Sizemore along with conductor Greg Sampson ("Sampson") and engineer trainee John Tolley ('Tolley").

10.

In the cab of the lead locomotive of the train just before 5:00 am on March 8, 2024, CSXT engineer trainee Tolley occupied the engineer's seat and had operational control of the train, conductor Sampson was performing his duties as a conductor while seated in the conductor's seat and Sizemore was seated adjacent to Sampson monitoring the activities of trainee Tolly as his duties for CSXT required

11.

The train left Hinton Yard headed towards Sandstone receiving clear signals on their trip including at MP 364.5 while traveling at just under 50 mph.

12.

Less than a minute after the crew received a clear signal at MP 364.5, a large boulder came into view that had previously come to rest on the track ahead.



*[View of boulder on track from locomotive camera]*

-3-

13.

The lead locomotive of the train struck the boulder resting on the track traveling at just under 50 mph causing the locomotives and over twenty (20) railcars to derail along with multiple fires. (the "collision and derailment")



*[Aerial photo of collision and derailment scene]*

14.

As a result of the collision and derailment, Plaintiff was thrown about within the cab and his legs were jammed into the cab resulting in Sizemore suffering bilateral femur fractures, a broken back, a brain bleed, a traumatic brain injury and multiple other injuries.

15.

Emergency personnel responded and Plaintiff was airlifted to the hospital to receive necessary emergent care and treatment.

16.

Prior to the collision and derailment, the crew received no warning or indication either verbally or by signal that the boulder that had previously come to rest on the track was on the track before seeing the boulder just ahead of the train.

17.

As a result of the collision and derailment and due to the resulting unsafe workplace, Plaintiff was injured suffering bilateral femur fractures, a broken back, a brain bleed, a traumatic brain injury and multiple other injuries requiring multiple surgeries and procedures.

## Count I
## FELA NEGLIGENCE CLAIM

18.

Plaintiff incorporates by reference and reasserts Paragraphs 1 through 17.

19.

Defendant CSXT is required under the FELA, and owes a duty to Plaintiff, to provide Plaintiff with a reasonably safe place to work including but not limited to safe track and passage on its track in the performance of his job.

20.

Defendant CSXT had and owed to Plaintiff a duty to inspect its track and workplace and protect its employees from harm and injury and to maintain and provide a safe workplace, at all times, including the duty to warn of any dangers or unsafe conditions on its track, including boulders such as the one that caused the collision and derailment on March 8, 2023 in order to protect its employees from injury.

21.

Defendant CSXT had and owed to Plaintiff, a duty to inspect, maintain and provide safe and secure, properly maintained track and to warn of any potential unsafe conditions where it is

known by CSXT that its employees are required to work and travel in order to perform their job duties including those duties that Plaintiff was performing on March 8, 2023, as described herein.

22.

This duty described above owed by Defendant CSXT under the FELA to Plaintiff is nondelegable as a matter of law.

23.

The track owned and controlled by CSXT that CSXT required Plaintiff to travel on March 8, 2023, was not equipped with necessary and readily available safety equipment which would have warned the crew, including Plaintiff, of the boulder on the track and provided sufficient time for the train to stop and avoid the collision and derailment.

24.

CSXT knew and/or should have known that the section of track where the collision and derailment occurred had the potential and propensity for rock and boulder slides which could cause harm to its employees including Plaintiff Sizemore.

25.

CSXT knew and/or should have known that rocks and boulders had previously been reported to be present on the tracks on the section of CSXT track near Sandstone along the New River where the train was traveling on March 8, 2023.

26.

CSXT knew that they had access to and could have placed readily available safety equipment including anyone of multiple rockslide detection measures including but not limited to slide fencing, commonly used in the area of CSXT track involved and on similarly situated track, which would have warned the crew by signal of the presence of the boulder on the track in

sufficient time to allow the train to stop short of the boulder and thereby avoiding the collision and derailment but failed to implement or provide any such readily available and known safety measures.

27.

Known safety measures including rockslide detection measures, including but not limited to slide fencing, are a basic recurring and crucial safety measure readily available to all railroads, including Defendant CSXT, which could and should have been in place at the location of the collision and derailment, prior to the collision and derailment, given the potential for catastrophic collisions and derailments caused by rockslides known to occur in the area.

28.

Defendant CSXT's failure to act to take and implement appropriate known safety measures, with the full knowledge of the actual and potential danger of the presence of rocks, rockslides and boulders, constitutes negligence by CSXT and as a result CSXT violated the FELA.

29.

Defendant CSXT is liable to Plaintiff because these acts, failures to act and the providing of unsafe working conditions constitutes negligence and a failure to provide Plaintiff with a reasonably safe place to work in direct violation of the FELA.

30.

As a direct result of the negligence of CSXT and resulting violation of the FELA, Plaintiff was injured, sustained mental and physical pain and suffering, past, present and future, lost wages in the past and future, will and has lost fringe benefits, including health insurance, and has sustained permanent loss of earning capacity.

## Count II
## CSXT – STRICT LIABILITY – FEDERAL SAFETY STANDARDS

31.

Plaintiff incorporates by reference and reasserts Paragraphs 1 through 30.

32.

Track Safety Standards and Signal and Train Control Systems Standards ("Standards") applicable to the track involved in the collision and derailment include but are not limited to 49 C.F.R. § 213 (Subparts A-G) and 49 C.F.R. § 236 which require compliance with the Standards in the inspection, design, condition and maintenance of track and associated signal and train control systems to protect the safety and welfare of rail workers.

33.

Under the applicable Standards CSXT was required to inspect for and correct any conditions that could cause the type of incident and injuries suffered by Plaintiff Sizemore, but CSXT failed to meet its obligations under the Standards regarding inspections of the track involved.

34.

Under the applicable Standards CSXT was required to design, install and maintain its track and associated signal and train control systems in compliance with the applicable Standards but CSXT failed to meet its obligations under the applicable Standards regarding the design, installation and maintenance of the track and associated signal and train control systems involved.

35.

Therefore, Defendant CSXT violated the provisions of 49 C.F.R. § 213 and 49 C.F.R. § 236 and thus Defendant violated the applicable Standards and applicable regulations and was

negligent as a matter of law ("negligent per se") and is strictly and absolutely liable to Plaintiff for his injuries.

36.

As a direct result of the violations of the applicable Standards including the provisions of 49 C.F.R. § 213 and 49 C.F.R. § 236, and resulting negligence, negligence per se and violation of the FELA, Plaintiff was injured, sustained mental and physical pain and suffering, past, present and future, lost wages in the past and future, will and has lost fringe benefits, including health insurance, and has sustained permanent loss of earning capacity.

## Count III
## CAUSATION

37.

Plaintiff incorporates by reference and reasserts Paragraphs 1 through 36.

38.

Pursuant to the FELA, Defendant CSXT is liable to Plaintiff for any and all injuries and damages which are caused in any manner, no matter how slight, by the negligence and/or negligence per se and resulting violation of the FELA, and the failure to provide Plaintiff with a safe place to work.

39.

As a direct and immediate result of the negligence, negligence per se and resulting violation of the FELA by Defendant CSXT, Plaintiff has suffered injuries and damages for which he seeks compensation including mental and physical pain and suffering, past, present and future, lost wages in the past and future, lost fringe benefits, including health insurance, and permanent loss of earning capacity.

## Count IV
## DAMAGES

40.

Plaintiff incorporates by reference and reasserts Paragraphs 1 through 39.

41.

As a result of the negligence, negligence per se and resulting violation of the FELA by CSXT Plaintiff has suffered injuries and damages including but not limited to:

    a.    Physical impairment which is permanent;

    b.    Mental impairment and loss of mental capacity which is permanent;

    c.    Lost wages, past and future;

    d.    Pain, suffering, physical and mental, both past and in the future.

WHEREFORE, the Plaintiff prays that he have judgment against Defendant CSXT in an amount to be shown by the evidence at trial, plus costs and other remedies as the Court may deem just and proper. PLAINTIFF FURTHER DEMANDS A JURY TRIAL AS TO ALL ISSUES RAISED IN THE COMPLAINT.

## PLAINTIFF DEMANDS A TRIAL BY JURY

**Timothy P. Lupardus, Esq.**

/s/ Timothy P. Lupardus
Timothy P. Lupardus (WVSB #6252)
P.O. Box 1680
Pineville, WV 24874
(304) 732-0250

-AND-

**JOHN STEEL LAW**
John D. Steel *(Statement of Visiting Attorney to be filed)*
Georgia Bar No. 677646
The Fountains at Piedmont Center
3495 Piedmont Road, N.E.
Building 11, Suite 905

Atlanta, Georgia 30305
Tel: (404) 264-1292
Fax: (404) 264-0161
jsteel@johnsteel-law.com

***Attorneys for Plaintiff***