UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL A. SIZEMORE,

    Plaintiff,

v.                                           CIVIL ACTION NO.  5:25-cv-00251

CSX TRANSPORTATION, INC.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant CSX Transportation Inc.'s ("CSXT") Motion to Dismiss, or alternatively for a More Definite Statement [ECF 6], filed May 13, 2025. Plaintiff Michael A. Sizemore responded in opposition [ECF 9] on May 27, 2025, to which CSXT replied [ECF 10] on June 3, 2025. The matter is ready for adjudication.

### I.

On April 16, 2025, Mr. Sizemore filed this action against CSXT seeking damages arising from a train collision and derailment occurring on March 8, 2023. [*See generally* ECF 1]. CSXT, a Virginia corporation with its principal place of business in Florida, operates as a common carrier by rail and conducts business in West Virginia with rail lines, tracks, and rolling stock located in the state. [*Id.* ¶ 2]. Mr. Sizemore is a West Virginia resident and was employed by CSXT during the relevant time period. [*Id.* ¶¶ 1, 6].

On March 8, 2023, CSXT assigned Mr. Sizemore to serve as the engineer on a three-person crew operating a southbound train along the New River, near Sandstone, West Virginia. [*Id.* ¶¶ 7–8]. The crew included Mr. Sizemore, Greg Sampson as the conductor, and engineer trainee John Tolley. [*Id.* ¶ 9]. The train was comprised of four locomotives and more than one hundred railcars. [*Id.* ¶ 7]. Just before 5:00 am, engineer trainee Tolley had operational control of the train and was being supervised by Mr. Sizemore. [*Id.* ¶ 10]. While traveling at approximately 50 miles per hour, the crew received signals indicating the track ahead was clear of obstructions. [*Id.*]. Less than a minute after receiving a clear signal, the crew spotted a large boulder resting on the track. [*Id.* ¶ 12].

Neither Mr. Sizemore nor any other crew member received a verbal or signal-based warning regarding the boulder's presence on the track. [*Id.* ¶ 16]. The lead locomotive struck the boulder, causing the locomotives and more than twenty railcars to derail, igniting multiple fires. [*Id.* ¶ 13]. Mr. Sizemore sustained serious injuries, including bilateral femur fractures, a broken back, a brain bleed, and a traumatic brain injury after being thrown about the cab. [*Id.* ¶ 14].

On April 16, 2025, Mr. Sizemore instituted this action against CSXT seeking damages related to the March 8, 2023, train collision and derailment. [*See generally id.*]. He asserts four claims: (1) Federal Employers' Liability Act ("FELA") Negligence (Count I), (2) Strict Liability -- Federal Safety Standards (Count II), (3) Causation (Count III), and (4) Damages (Count IV). [*Id.* ¶¶ 18–40]. Mr. Sizemore alleges CSXT failed to implement known safety measures despite having actual and constructive knowledge of the dangers posed by rocks, rockslides, and boulders in the area, constituting negligence under FELA. [*Id.* ¶ 28]. He further contends CSXT violated applicable Federal Railroad Safety Act ("FRSA") regulations -- specifically, Track Safety Standards under 49 C.F.R § 213 and Signal and Train Control System Standards under 49 C.F.R.

§ 236 -- by failing to properly design, install, and maintain the track and related systems. [*Id.* ¶ 34]. As a result, he asserts CSXT violated 49 C.F.R. §§ 213 and 236, amounting to negligence as a matter of law and establishing strict liability for his injuries. [*Id.* ¶ 35].

CSXT now moves to dismiss the Complaint, or alternatively, to require Mr. Sizemore to amend his Complaint to identify the precise FRSA regulation(s) at issue. [ECF 6]. CSXT contends Counts I and II should be dismissed as duplicative inasmuch as they both allege shortcomings regarding inspection and control devices governed by FRSA. [ECF 7 at 4]. CSXT further asserts Counts III and IV should be dismissed inasmuch as they do not state independent claims. [*Id.* at 3]. Should the Court reject CSXT's grounds for dismissal, CSXT alternatively moves for a more definite statement pursuant to *Federal Rule of Civil Procedure* 12(e). [*Id.* at 6–7].

## II.

### A. *Rule 12(b)(6)*

Rule 8(a)(2) requires a pleader provide "a short and plain statement of the claim showing … entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To satisfy the pleading requirements of Rule 8(a)(2) and survive a Rule 12(b)(6) motion to dismiss, the required "short and plain statement" must provide "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that a "formulaic recitation of the

3

elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations [sufficient] … to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555–56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). Thus, a court is required to "draw[] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). While a court's evaluation at the dismissal stage is generally limited to a review of the allegations of the complaint itself, it may also consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

4

B.  *Rule 12(e)*

Rule 12(e) permits a party to seek a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). Rule 12(e), however, must be read in tandem with the requirements of Rule 8(a) as outlined above. *Hodgson v. Va. Bapt. Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973). Thus,

> when [a] complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules.

*Id.* at 824.

### III.

A.  *Motion to Dismiss*

#### 1. FELA Negligence

Plaintiffs have two avenues for establishing the negligence of an employer. *See generally Kernan v. Am. Dredging Co.*, 355 U.S. 426, 438–39 (1958); *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 703 n.12 (2011); *Sowards v. Chesapeake & O. Ry.*, 580 F.2d 713, 714 (4th Cir. 1978). First, a plaintiff may demonstrate liability as a matter of law if he proves a railroad company violated a safety statute that establishes an absolute duty on the railroad company.

5

*Kernan*, 355 U.S. at 438–39. Second, if there is not a specific safety statute on point, a plaintiff may still prevail under a general negligence theory. 45 U.S.C. § 51; *McBride*, 564 U.S. at 703 n.12.

As to a general negligence claim, FELA provides a legal basis for injured employees to recover monetary damages for injuries sustained due to the negligence of a railroad carrier, its agents, servants or employees. *See* 45 U.S.C. § 51. The Supreme Court interprets FELA broadly, imposing liability if the railroad's negligence played "even the slightest" role in causing the injury. *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957); *see also Consol. R.R. Corp. v. Gottshall*, 512 U.S. 532, 543 (1994) ("FELA is to be liberally construed . . . . "). Nonetheless, FELA is not a workers' compensation statute, as "[t]he basis of [an employer's] liability is his negligence, not the fact that injuries occur." *Consol. R.R. Corp.*, 512 U.S. at 543 (quoting *Ellis v. Union Pac. R.R. Co.*, 329 U.S. 649, 653 (1947)).

"In order to establish an employer's liability under FELA, the employee must show . . . he was injured while in the scope of his employment, which employment is in furtherance of the railroad's interstate transportation business, that his employer was negligent, and that his employer's negligence played some part in causing the injury for which compensation is sought under FELA." *Sowards*, 580 F.2d at 714; *see* also *Brown v. CSX Transp., Inc.*, 18 F.3d 245, 249 (1994). Negligence is defined as a "lack of due care under the circumstances[,]" meaning either a failure to act as a reasonably prudent person would, or acting in a way such a person would not. *Tiller v. Atl. Coast Line R.R. Co.*, 318 U.S. 54, 67 (1943). In order to prove negligence in a FELA claim, the plaintiff must demonstrate the defendant "had a duty to provide [him] with a safe workplace and . . . breached that duty." *Brown*, 18 F.3d at 249. Further, "[r]easonable foreseeability of harm is an essential ingredient of FELA negligence." *Id.*; *see also McBride*, 564 U.S. at 703 (quoting *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 117 (1963)).

Mr. Sizemore's Complaint adequately alleges the foundational elements of a FELA negligence claim: that CSXT operates as a common carrier engaged in interstate commerce, that Mr. Sizemore was employed by CSXT in furtherance of those operations, and that he sustained injuries in the course of his employment. [ECF 1 ¶¶ 2, 6]. Moreover, it is uncontested CSXT owed Mr. Sizemore a non-delegable duty to provide a reasonably safe workplace. [ECF 1 ¶ 22]; *see generally Shenker v. Baltimore & O.R.R.*, 374 U.S. 1, 7 (1963); *Brown*, 18 F.3d at 249; *Chesapeake & O. Ry. v. Thomas*, 198 F.2d 783, 786 (4th Cir.1952). This duty includes inspecting the workplace and taking reasonable precautions to protect employees from possible harm. *Hall v. Norfolk & W. Ry. Co.*, 175 F.3d 1014, 3 (4th Cir. 1999); *Brown*, 18 F.3d at 249 (citing *Cazad v. Chesapeake & O. Ry.*, 622 F.2d 72, 75 (4th Cir. 1980)).

The remaining inquiry under Rule 12(b)(6) is whether Mr. Sizemore plausibly alleges CSXT "had a duty to provide [him] with a safe workplace and [that CSXT] breached that duty causing [his] injuries." *Brown*, 18 F.3d at 249. He does. The Complaint asserts CSXT failed to inspect for, warn of, or take reasonable steps and implement "appropriate known safety measures" to prevent known hazards -- specifically rockslides or fallen boulders -- in a work area where employees like Mr. Sizemore were required to travel. [ECF 1 ¶¶ 19–21, 24, 26, 28]. It further alleges this failure resulted in the collision and derailment on March 8, 2023, causing his injuries. [*Id.* ¶¶ 29–30].

CSXT contends these allegations are vague and lack specificity as to what precise what duties were violated or what specific regulatory provisions were breached. [ECF 10 at 2–3]. Mr. Sizemore, however, is not required to provide detailed evidentiary support or enumerate each factual allegation with precision. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Walters*, 684 F.3d at 439; *Robertson*, 679 F.3d at 291. Rather, to survive a Rule 12(b)(6) motion to dismiss,

7

a complaint must contain sufficient factual matter to state a claim that is plausible on its face and provide notice as to the claim and its factual basis. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Rogers*, 352 U.S. at 506.

Whether Mr. Sizemore might ultimately substantiate his claim with evidence is a question for summary judgment or trial, not for dismissal at the pleading stage. His allegations -- though broad -- plausibly assert a breach of CSXT's duty to provide a safe workplace and link that breach to his injuries, satisfying the liberal pleading standard applicable to FELA claims. Accordingly, dismissal under Rule 12(b)(6) is not warranted.

### 2. Strict Liability – Federal Safety Standards Claim (Count II)

Mr. Sizemore also asserts a claim for strict liability under FELA predicated on alleged violations of FRSA regulations, specifically 49 C.F.R. §§ 213 (Track Safety Standards) and 236 (Signal and Train Control Systems Standards). [ECF 1 ¶¶ 32–35]. As outlined above, it is well established that under FELA, "[a] railroad's violation of a safety statute . . . is negligence *per se*," relieving the plaintiff of the burden to prove foreseeability or breach beyond the regulatory violation itself. *McBride*, 564 U.S. at 703 n.12 (citing *Kernan*, 355 U.S. at 438). Thus, to state a claim, the plaintiff must allege facts supporting (1) the existence of an applicable safety regulation, (2) a violation of that regulation by the employer, and (3) an injury resulting from the violation. *See Kernan*, 355 U.S. at 438–39 (concluding that when an employer governed by FELA violates a statutory or regulatory standard and its employee is injured as a result, the employer may be held liable under FELA even if the injury was not the type contemplated by the statute).

CSXT seeks dismissal of this claim, contending Mr. Sizemore broadly cites the entirety of 49 C.F.R. §§ 213 and 236 -- comprising numerous subparts -- without identifying

specific provisions allegedly violated. [ECF 7 at 5; ECF 10 at 4]. While greater specificity regarding the precise regulatory breaches will ultimately be required, dismissal is unwarranted where, as here, a complaint provides sufficient factual allegations to raise a plausible inference of liability and fair notice of the claim's basis. *Iqbal*, 556 U.S. at 678; *Swierkiewicz*, 534 U.S. at 512; *Rogers*, 352 U.S. at 506. Mr. Sizemore alleges CSXT failed to inspect, maintain, and design its track infrastructure and train control systems in accordance with applicable federal safety standards, and that this failure directly resulted in the March 7, 2023, trail collision and derailment and his subsequent injuries. [ECF 1 ¶¶ 32–35]. While the cited regulations are broad, the Complaint identifies the nature of the alleged failures, the timeframe of the incident, and the connection between the regulatory shortcomings and the injuries sustained. This level of detail satisfies Rule 8 and plausibly alleges a claim under FELA's strict liability framework. *Consol. R.R. Corp.*, 512 U.S. at 543 (noting the liberal construction afforded FELA claims).

At this stage, dismissal is inappropriate. Any further refinement regarding which precise regulatory provisions apply may be resolved through discovery.

### 3. Causation (Count III) and Damages (Count IV)

CSXT next moves to dismiss Counts III and IV, arguing causation and damages are elements of negligence, not independent claims. [ECF 7 at 3]. The Court agrees. *See Brown*, 18 F.3d at 249 (explaining FELA "plaintiffs are … required to prove traditional common law elements of negligence: duty, breach, foreseeability, and causation.") (quoting *Robert v. Consol. R.R. Corp.*, 832 F.2d 3, 6 (1st Cir. 1987)). "Threadbare" references to the cause of action, "supported by mere conclusory statements," are not enough to state a claim for relief. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

9

Count III reiterates Mr. Sizemore's allegations regarding CSXT's negligence and the causal link to his injuries. [ECF 1 ¶¶ 37–39]. Count IV incorporates prior allegations and outlines damages suffered. [*Id.* ¶¶ 40–41]. Neither introduces a separate, legally cognizable claim distinct from Counts I or II. Dismissal of these Counts is therefore appropriate for conciseness, simplicity, and clarity of the pleadings.

B.  *Motion for More Definite Statement*

CSXT also contends Mr. Sizemore's allegations regarding regulatory violations lack specificity, preventing it from developing an informed response. [ECF 7 at 6–7]. There is, however, sufficient detail to permit a reasonable response. He has alleged: (1) the nature of the hazard (rockslide or boulder obstruction), (2) the incident location (track involved in the March 8, 2023, train collision and derailment), and (3) the general regulatory framework at issue (49 C.F.R. §§ 213 and 326). [*See generally* ECF 1]. These allegations, though broad, provide sufficient notice of the claims and regulatory framework implicated.

As such, a more definite statement is unnecessary. Discovery is the proper vehicle for CSXT to obtain additional detail. Courts deny Rule 12(e) motions where, as here, claims against the defendant are clear, allowing the defendant to "reasonably prepare a response." *Hodgson*, 482 F.2d at 824.

### IV.

Based on the foregoing discussion, CSXT's Motion to Dismiss or Alternative Motion for a More Definite Statement [**ECF 6**] is **GRANTED IN PART** as to Counts III and IV

and **DENIED IN PART** as to its residue. The Court **ORDERS** that Counts III and IV of Plaintiff's Complaint [**ECF 1**] are **DISMISSED**.

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: July 21, 2025

Frank W. Volk
Chief United States District Judge